**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| COLUMBIA CASUALTY COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>DECKS & DOCKS LUMBER COMPANY, LLC,<br><br>Defendant. | Case No. |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff COLUMBIA CASUALTY COMPANY ("COLUMBIA"), by and through undersigned counsel, files this Complaint for Declaratory Judgment against Defendant DECKS & DOCKS LUMBER COMPANY, LLC ("Decks & Docks") and alleges as follows:

## INTRODUCTION

1. This declaratory judgment action arises out of an underlying lawsuit filed against Decks & Docks by Blakely and Jennifer Cole arising from an incident taking place on August 6, 2025, which resulted in a below-the-knee amputation to Mr. Cole (the "Cole Lawsuit").

2. In the absence of a responsive pleading or appearance by Decks & Docks in the Cole Lawsuit, the court granted a Motion for Default Judgment and

conducted a bench trial on damages that resulted in a final judgment in the amount of $24,435,927.26 on or about April 30, 2026.

3. Columbia issued an excess liability policy for the policy period February 1, 2025 to March 3, 2026, which requires the insured to provide notice of an occurrence, claim, or suit as soon as practicable and to immediately send Columbia any summonses or other legal papers.

4. Decks & Docks did not provide any notice to Columbia until August 5, 2026, after default judgment had already been granted, a final judgment had been entered against Decks & Docks, and garnishment proceedings had commenced.

5. Decks & Docks' breach of the notice and cooperation conditions of the Columbia Policy resulted in substantial prejudice to Columbia.

6. For the reasons set forth herein, Columbia seeks a declaration that it has no obligation to indemnify Decks & Docks in connection with the Cole Lawsuit.

## THE PARTIES, JURISDICTION AND VENUE

7. Columbia is an insurance company organized under the laws of the State of Illinois with its principal place of business in Illinois.

8. Decks & Docks is a Florida limited liability company with its principal place of business in Florida.

9. The sole member of Decks & Docks is D&D Parent, Inc., a Florida corporation with its principal place of business in Florida.

10. This Court possesses diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between the parties and the amount in controversy, exclusive of costs and interest, exceeds $75,000.

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Decks & Docks is located in this District and the Columbia Policy was issued to Decks & Docks within this District.

## FACTUAL BACKGROUND

### A. The Cole Lawsuit

12. On August 6, 2025, employees of Decks & Docks loaded a flatbed truck with six wooden pilings, each weighing over 2,000 pounds, for a delivery in Savannah, Georgia.

13. At the delivery site, it was alleged that a piling rolled off the truck and onto underlying plaintiff Blakely Cole's foot.

14. Despite efforts to save the foot, Cole ultimately underwent a below-the-knee amputation.

15. On or about October 20, 2025, Cole and his wife, Jennifer, commenced a lawsuit against Decks & Docks and certain individual employees in Cobb County, Georgia state court, captioned *Blakely and Jennifer Cole v. Decks & Docks Lumber Company, LLC, et al.*, 25-A-6012.

16. The Cole Lawsuit asserted causes of action for Negligence, Respondeat Superior, Negligent Hiring, Retention & Supervision, Loss of Consortium, Punitive Damages and Attorneys' Fees and Expenses against Decks & Docks.

17. Cole alleged that he was forced to endure unimaginable physical and mental pain and suffering and will continue to endure pain, emotional distress, disfigurement, and loss of wages, earning capacity, and consortium, among other alleged damages.

18. On or about February 27, 2026, after none of the defendants answered or otherwise appeared in the Cole Lawsuit, the underlying plaintiffs filed a Motion for Default Judgment.

19. On or about March 2, 2026, the court granted the Motion for Default Judgment and ordered that the case proceed to a bench trial on damages.

20. On or about April 21, 2026, the court conducted the damages trial.

21. On or about April 30, 2026, the court entered a Final Judgment against Decks & Docks, Jonathan McKoy, and Norman Heyward, jointly and severally, in the amount of $24,435,927.26, together with post-judgment interest at a rate of 9.75% per annum.

22. The Final Judgment included $435,927.26 for past medical expenses, $4 million for future prosthetics and medical needs, $15 million for pain and suffering, and $5 million for loss of consortium.

23. In the Final Judgment, the court concluded that "both service and service of process upon [the] defendants was proper."

24. In or about July 2026, the underlying plaintiffs commenced garnishment proceedings against Decks & Docks.

25. On or about July 29, 2026, Decks & Docks first appeared in the Cole Lawsuit and moved to set aside and vacate the default and Final Judgment.

26. On September 18, 2026, the court denied Decks & Docks' motion to set aside and vacate the default and the Final Judgment.

27. In its decision, the court reiterated that "both service and service of process on [the] defendants was proper" and held that "the Order on Motion for Default Judgment entered March 2, 2026 and the Final Judgment entered April 30, 2026 remain in full force and effect."

28. In or about early October 2026, Decks & Docks entered into a settlement of the Cole Lawsuit.

**B. <u>The Columbia Policy</u>**

29. Columbia issued a CNA Paramount Excess Liability Policy to D&D Topco, L.P. for the policy period February 1, 2025 through March 3, 2026 (the "Columbia Policy").

30. The Columbia Policy provides limits of $5 million in excess of $7 million in underlying coverage issued by Hartford-related companies, including a $5

million umbrella liability policy (the “Hartford Umbrella Policy”) and a $2 million primary automobile liability policy (the “Hartford Auto Policy”).

31. The Columbia Policy contains the following insuring agreement:

> **I. Coverage**
>
> The Insurer will pay on behalf of the insured those **damages** in excess of the **underlying limits**. Coverage under this Policy shall attach only after the full amount of the **underlying limits** have been exhausted through payment in legal currency of covered loss under all **underlying insurance** by the u**nderlying insurer** or the **Named Insured**.
>
> Coverage under this Policy shall then apply in conformance with the terms and conditions of the **controlling underlying policy** except for the premium, limit of insurance, deductible, retentions or any other term or condition in the c**ontrolling underlying policy** which is inconsistent with any term or condition of this Policy.
>
> Nothing will obligate the Insurer to:
>
> **A.** provide coverage that is not also provided by every **underlying insurance** policy; or
>
> **B.** investigate, pay or defend any claim or suit before the **underlying insurance** is exhausted by payment of **damages** to which this Policy applies.

32. The Columbia Policy contains the following relevant condition pertaining to notice:

> **D. Notices**
>
> Where notice is permitted or required by the **controlling underlying policy**, the insureds have the same rights and obligations to notify the Insurer under this Policy, except that the notice shall be submitted in writing to the Insurer at the address set forth in the Declarations of this Policy.

33. The Columbia Policy incorporates the following notice and cooperation conditions from the underlying Hartford Umbrella Policy:

> 6. Duties When There is an "Event," "Occurrence," Claim or "Suit"
>
> a. You must see to it that we, and any other insurers who could provide coverage, are notified as soon as practicable of any "event" or "occurrence" which may be reasonably expected to result in a claim under this policy.
>
> To the extent possible, notice should include:
>
> i. how, when and where the "event" or "occurrence" took place;
> ii. the names and addresses of any injured persons and witnesses; and
> iii. the nature and location of any injury or damage arising out of the "event" or "occurrence."
>
> b. If a claim is made or "suit" is brought against any insured which may be reasonably expected to result in a claim under this policy, you must:
>
> i. immediately record the specifics of the claim or "suit" and the date received; and
> ii. notify us, and any other insurers who could provide coverage, as soon as practicable.
>
> c. You and any other involved insured must:
>
> i. immediately send us, and any other insurers who could provide coverage, copies of any demands, notices, summonses or legal papers received in connection with a claim or "suit" which may be reasonably expected to result in a claim under this policy;
> ii. authorize us to obtain records and other information;
> iii. cooperate with us in the investigation or settlement of the claim, issues relating to coverage under this policy or defense against the "suit;" and
> iv. assist us, upon our request, in the enforcement of any right against

any person or organization which may be liable to the insured because of the injury or damage to which this insurance may apply.

d. No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation or incur any expense, other than first aid, without our consent.

Notice to us may be sent to our address shown in the Declarations.

34. The Columbia Policy also contains a Professional Services exclusion barring coverage for "any liability arising out of the actual or alleged rendering of, or failure to render, any professional services by the Insured or any other person whose acts the Insured is legally responsible."

35. The Columbia Policy, as incorporated from the Hartford Umbrella Policy, also excludes coverage for liability "for which coverage is excluded by the 'scheduled underlying insurance,'" such as the Hartford Auto Policy.

**C. Notice to Columbia**

36. On August 5, 2026, Decks & Docks' broker first notified Columbia "related to Hartford claim Y2K L 63218 for client Decks & Docks," but did not mention the Cole Lawsuit, default, the Final Judgment or the garnishment proceedings.

37. On September 21, 2026, after receiving additional information, Columbia issued a reservation of rights letter to Decks & Docks, incorporating by reference various provisions from the underlying Hartford coverage, including the

notice condition, among other defenses upon which Columbia reserved its rights.

38. On October 22, 2026, Columbia issued a letter to Decks & Docks denying coverage for the Cole Lawsuit and settlement due to the breach of the notice and cooperation conditions of the Columbia Policy.

39. Columbia did not consent to, or agree to contribute funds to, Decks & Docks' settlement of the Cole Lawsuit.

## COUNT I

### (Declaratory Judgment – Breach of Conditions Precedent to Coverage)

40. Columbia repeats, reiterates and realleges each and every allegation of Paragraphs 1-38 as if fully stated herein.

41. Under the terms of the Columbia Policy, Decks & Docks has a duty to provide notice of an occurrence, claim, or suit that may be reasonably expected to result in a claim under the policy as soon as practicable and to immediately send Columbia copies of any demands, notices, summonses or legal papers received in connection with the claim or suit.

42. Under the terms of the Columbia Policy, Decks & Docks has a duty to "cooperate with [Columbia] in the investigation or settlement of the claim, issues relating to coverage under this policy or defense against the 'suit'" and must refrain from voluntarily making any payment or assuming any obligation or expense without Columbia's consent.

43. The underlying incident occurred on August 6, 2025.

44. The Cole Lawsuit was filed in October 2025.

45. Columbia's first notice relating to the claim was not until August 5, 2026, after a default judgment and Final Judgment in the amount of almost $25 million had been entered and garnishment proceedings were commenced against Decks & Docks.

46. Decks & Docks' notice to Columbia was untimely.

47. Decks & Docks' late notice results in a presumption of prejudice to Columbia.

48. Decks and Docks cannot rebut the presumption of prejudice to Columbia.

49. Decks & Docks' breach of the notice and cooperation conditions of the Columbia Policy resulted in prejudice to Columbia by allowing the Cole Lawsuit to go undefended and depriving the insurers of the ability to investigate the claim, to challenge liability, to contest or mitigate the claimed damages and/or to pursue a more favorable resolution, among other reasons.

50. An actual and justiciable controversy exists between Columbia and Decks & Docks on these issues.

51. Columbia seeks a declaration that Decks & Docks' breach of the conditions of the Columbia Policy vitiates any potential obligation to provide

coverage for the Cole Lawsuit and settlement.

**COUNT II**

**(Declaratory Judgment – Other Defenses)**

52. Columbia repeats, reiterates and realleges each and every allegation of Paragraphs 1-38 as if fully stated herein.

53. Any obligation to provide coverage under the Columbia Policy is governed by the insuring agreement, exclusions, conditions, and other provisions of the Columbia Policy as well as those incorporated by reference from the underlying Hartford Umbrella Policy and Hartford Auto Policy.

54. Columbia seeks a determination of the parties' respective rights and obligations under the Columbia Policy in connection with the Cole Lawsuit.

55. Columbia seeks a determination as to whether any potential obligation to provide coverage for the Cole Lawsuit may be limited or precluded for reasons including but not limited to the following:

a. To the extent any portion of the Final Judgment and/or settlement of the Cole Lawsuit is attributable to liability of a person or entity that does not constitute an insured under the Columbia Policy;

b. To the extent that the underlying liability arose out of the actual or alleged rendering of, or failure to render, professional services;

c. To the extent that the liability is excluded by "scheduled underlying

insurance," including but not limited to, based upon the Handling Of Property Exclusion, the Movement Of Property By Mechanical Device Exclusion, and/or the Completed Operations Exclusion in the Hartford Auto Policy; and

d. To the extent that the Columbia Policy is excess to any other insurance available to Decks & Docks.

56. Therefore, an actual and justiciable controversy exists between Columbia and Decks & Docks as to these issues.

**WHEREFORE**, Plaintiff Columbia Casualty Company prays for judgment as follows:

(a) For a declaration that Decks & Docks breached the notice condition of the Columbia Policy;

(b) For a declaration that Decks & Docks breached the cooperation conditions of the Columbia Policy;

(c) For a declaration that Columbia has no duty to indemnify or otherwise provide coverage in connection with the Cole Lawsuit and the settlement;

(d) For costs pursuant to law; and

(e) For such other relief as is just and equitable herein.

Plaintiffs Columbia Casualty Company demands a trial by jury on all issues so triable.

Dated: October 22, 2026

**KENNEDYS CMK LLP**

By: /s/ Jedidiah Vander Klok
Jedidiah Vander Klok, Esq.
Florida Bar No. 84766
1111 Brickell Avenue, Suite 1300
Miami, FL 33131
Tel: (305) 371-1111
Fax: (305) 374-8066
jedidiah.vanderklok@kennedyslaw.com
JVKservice@kennedyslaw.com

Heather E. Simpson, Esq.
(admission application forthcoming)
KENNEDYS CMK LLP
400 Connell Drive, Suite 700
Berkeley Heights, NJ 07922
Tel: (908) 848-6300
heather.simpson@kennedyslaw.com

*Attorneys for Plaintiff*
*Columbia Casualty Company*